IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:19-cr-57 (MSN) |
| JOSEPH LAMBORN, | |
| Defendant. | |

**POSITION OF THE UNITED STATES ON RESENTENCING**

On May 6, 2022, the defendant, Joseph Lamborn, was found guilty at trial on Counts 1,

3-7, and 13 of the Fourth Superseding Indictment (Dkt. 439, 848).   Joseph Lamborn was

sentenced on September 12, 2022, by the Honorable Liam O'Grady, United States District

Judge, to the following terms of imprisonment, as reflected in the district court's judgment (Dkt.

978, 979):

| Count | Statute | Offense | Penalties | Sentence |
|---|---|---|---|---|
| 1 | 18 USC §1962(d) | RICO conspiracy | Up to life | Life |
| 3 | 18 USC §§ 1959(a)(1) & (2) | RICO murder | Statutory life | Life |
| 4 | 18 USC §§ 1201 (a) & (c) | Kidnapping conspiracy | Up to life | Life |
| 5 | 18 USC §§ 1201(a)(1) & (2) | Kidnapping resulting in death | Statutory life | Life |
| 6 | 21 USC § 841(a)(1) & 846 | Drug conspiracy | 10 to life | 180 months |
| 7 | 21 USC § 848(e)(1)(A) | Drug related killing | 20 years to life | Life |
| 13 | 21 USC § 841(a)(1) | Using, carrying, brandishing, and discharging a firearm resulting in death | Up to life (consecutive to any other sentence) | Life (consecutive) |

Joseph Lamborn and his three co-defendants, Tony Le, Peter Le, and Young Yoo,

appealed (Dkt. 935, 954, 971, 975, 1011).   In a published opinion filed November 18, 2025, the

United States Court of Appeals for the Fourth Circuit affirmed the defendants' convictions and

sentences except for one claim, that the conditions of supervised release in the written

judgements for Peter Le, Young Yoo, and Joseph Lamborn are inconsistent with the conditions

the district court orally reviewed with them at the sentencing hearing.   The opinion states, in

pertinent part:

> We review "the consistency of [an] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law."   *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (citation modified).   A district court must announce any non-mandatory conditions of a defendant's supervised release at sentencing, because a defendant "has the right to be present when he is sentenced."   *Id*.; *see also* Fed. R. Crim. P. 43(a)(3).

B.

> When the district court announced the supervised release portions of Lamborn, Yoo, and Peter's respective sentences, it described only a few "special conditions" for each Defendant. Yet their written judgments all contain additional conditions of release not mentioned at their hearings.   The judgments include all the "standard" (but non-mandatory) conditions recommended under the federal sentencing guidelines.   While the district court wasn't required to enumerate them at sentencing, it needed to expressly incorporate the conditions by reference.   *See Rogers*, 961 F.3d at 299.   The judgments also each include at least one "special" condition for each Defendant that wasn't announced at sentencing—for instance, prohibiting all Defendants from incurring new credit charges, or requiring Lamborn to make a "good faith effort to obtain his GED."   *Compare* J.A. 4757, with J.A. 4767–68; *compare* J.A. 4750, with J.A. 4783–84; compare J.A. 4753, with J.A. 4775–76.

> Our precedent is clear. Since the written judgments contain non-mandatory conditions of release that weren't announced at sentencing, we must vacate Lamborn, Yoo, and Peter's judgments and remand for resentencing.   *See Rogers*, 961 F.3d at 294; *United States v. Mathis*, 103 F.4th 193, 195 (4th Cir. 2024). The government concedes as much.

*    *    *

> For these reasons, we vacate Lamborn, Yoo, and Peter's sentences, and remand for resentencing. In all other respects, we affirm.

2

*United States v. Lamborn*, 159 F.4th 230, 252 (4th Cir. 2025).   The Judgment of the Court, also issued on November 18, 2025 (Dkt. 1184), provides that the "judgements of the district court in Case Nos. 22-4554, 22-4555, and 22-4556 are affirmed in part and vacated in part.   These cases are remanded to the district court for further proceedings consistent with the court's decision." Peter Le's petition for rehearing was denied (Dkt. 1188), and the Fourth Circuit's mandate was issued on December 31, 2025 (Dkt. 1189).

### Position on Resentencing

At the resentencing hearing scheduled for April 23, 2026, we ask that the Court sentence Joseph Lamborn to the same sentence imposed by Judge O'Grady on September 12, 2022. Judge O'Grady had been involved in this case from its inception, took guilty pleas from and sentenced about 25 other gang members, and presided over the lengthy trial of Joseph Lamborn and his three co-defendants.   He was certainly well-positioned to assess fairly the evidence against Joseph Lamborn and make reasoned sentencing findings.   Moreover, there have been no changes in the statutory penalties for the counts of conviction, no changes in the recommended sentencing guideline ranges for those counts, no changes in the 18 U.S.C. § 3553 factors, and no changes to our sentencing position.   *See* Position of the United States with Respect to Sentencing, filed September 9, 2022 (Dkt. 928).   At sentencing, Joseph Lamborn raised no objections to the PSR, nor did he make any sentencing arguments other than a recommendation regarding BOP designation (Dkt. 933).   Similarly, on appeal, Joseph Lamborn did not raise any issues regarding the district court's sentence other than the *Rogers* error.   *See* Corrected Brief of Appellants, USCA for the Fourth Circuit, No. 22-4554, Docket 116, filed February 14, 2025.

At the sentencing hearing, we recommend that the Court (1) adopt the findings of the Presentence Report (Dkt. 908); (2) adopt and reaffirm the findings of the district court as

3

reflected in the transcript of the sentencing hearing on September 12, 2022 (Dkt. 1037); (3) adopt the district court's Memorandum Opinion entered on September 13, 2022 (Dkt. 944) and Statement of Reasons (Dkt. 979); (4) enter a Judgement imposing the same sentence of imprisonment on each of the seven counts of conviction, the same terms of supervised release, the same mandatory and special conditions of release, and the same monetary penalties, as set forth in the Judgement entered on September 12, 2022 (Dkt. 978, 979); (5) enter a restitution order; (6) expressly incorporate the mandatory conditions of release into the Court's judgement and orally advise the defendant of the special conditions of supervised release; and (7) advise the defendant of his appellate rights.

Respectfully submitted,


By:  _____/s/_____

James L. Trump
Assistant United States Attorney

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, I caused the foregoing pleading to be sent

electronically to counsel of record through the Court's ECF system.

_____/s/_____

James L. Trump
Assistant United States Attorney
